FRANKLIN CAPITAL CORPORATION, substituted complainant for Hudsex Building and Loan Association of Newark, New Jersey, complainant-respondent,

*v.*

JACOB HEINOCHOWITZ, BEATRICE TRIEN and WILLIAM HEINOWITZ, defendants-appellants.

[Submitted October term, 1931. Decided May 16th, 1932.]

*Messrs. Riker & Riker* (*Mr. Andrew Van Blarcom*, of counsel), for the defendants-appellants.

*Mr. Milton M. Unger*, for the complainant-respondent.

The opinion of the court was delivered by

KAYS, J.

This case arose out of a foreclosure suit in which a final decree for sale was made which directed the property to be sold by the sheriff. At the sheriff's sale William Heinowitz, a son of the defendant Heinochowitz, bid $30,000 for the property and the property was struck off to him as the

highest bidder. Jacob Heinochowitz, the father, paid $3,500 deposit under the terms and conditions of sale. The sale was confirmed and William Heinowitz did not appear and pay the balance of the purchase-money. Thereupon the order confirming sale was opened and an order advised by Vice-Chancellor Berry providing for a resale. The order for resale provided that, if the premises produced less than $30,000 plus interest and costs of said resale, the deposit of $3,500 so paid should be first applied by the sheriff to the costs of resale and the balance applied to the deficiency, if any, arising by reason of such resale. The property was thereupon put up for resale by the sheriff and struck off to Beatrice Trien, a daughter of Jacob Heinochowitz, for $29,000 as the highest bidder. On this occasion the defendant, Heinochowitz paid a deposit of $3,000 under the terms and conditions of the second sale, which terms and conditions are not set forth in the statement of the case. The second sale was confirmed by the court. Beatrice Trien failed to pay the balance of the purchase price and the complainant obtained a rule to show cause why an order should not be made directing Jacob Heinochowitz and Beatrice Trien to pay to the sheriff the balance of the purchase price under the second sale. It does not appear what happened upon the return of this rule. However, about a week later a notice was served by the defendant William Heinowitz upon the complainant, to the effect that the defendant would apply to the court for an order directing the sheriff to pay to him the balance of the $3,500 after deducting the cost of resale and the deficiency in the amount realized at such resale. Within a day or two the complainant obtained a rule to show cause why an order should not be made directing Jacob Heinochowitz and Beatrice Trien to pay the balance of the purchase price. Upon the return of the rule Vice-Chancellor Church advised an order dated January 24th, 1931, directing the sheriff to first deduct from the two deposits made, which together amounted to $6,500, his costs, fees and expenses, &c., of both sales and directing the balance of said amount to be paid to the Franklin Capital Corporation, or its solicitor, and further directing

that the Franklin Capital Corporation should credit the amount so received from the sheriff upon the amount of the decree which was obtained by the Hudsex Building and Loan Association and assigned to the Franklin Capital Corporation. There is nothing before us which shows that the defendants, or any of them, had assumed the payment of a debt which was owed to the complainant nor does it appear from the records before us that the said defendants, or either of them, were parties to the original suit of foreclosure. It does appear, however, from the order made by Vice-Chancellor Berry that Oswald Elmer was the owner of the equity of redemption as he was the person to whom Vice-Chancellor Berry directed the balance of the surplus money to be paid. From this order of Vice-Chancellor Church dated January 24th, 1931, the defendants, Jacob Heinochowitz, Beatrice Trien and William Heinowitz appeal to this court.

We are of the opinion that the order advised by Vice-Chancellor Church dated January 24th, 1931, should be reversed. Under the conditions of sale and under the order made by Vice-Chancellor Berry the most that the court of chancery could legally do would be to order the sheriff to hold the deposits paid at the two sales until the property was sold and the purchase price paid and then direct that, after all costs and expenses of resale and deficiencies, if any, had been paid out of such deposits the balance of such deposits be returned to the former respective bidders. Such an order respecting the first sale had already been made by Vice-Chancellor Berry. It has been held in this state in the case of *Shinn* v. *Roberts, 20 N. J. Law 435,* that such conditions of sale become a contract and it has also been determined in this state in the case of *Townshend* v. *Simon, 38 N. J. Law 239,* what constitutes the measure of damages under such conditions of sale. If the order under review were allowed to stand and the property should sell for the amount of the decree, which was $22,000 more than that amount, the appellants would not be able to recover any portion of their deposits. For these reasons the order appealed from is reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Donges, Van Buskirk, Kays, Hetfield, Dear, Wells, Kerney, JJ. 14.